# In the United States Court of Federal Claims

No. 20-1435
(Filed:  7 September 2021)
NOT FOR PUBLICATION

```
*****************************************
ANGELA DEBOSE,                          *
                                        *
                                        *
            Plaintiff,                  *
                                        *
v.                                      *
                                        *
THE UNITED STATES,                      *
                                        *
            Defendant.                  *
                                        *
*****************************************
```

*Angela W. DeBose*, of Tampa, FL, *pro se*.

*Nathaniel B. Yale*, Trial Attorney, with whom were *Reginald T. Blades, Jr.*, Assistant Director, *Martin F. Hockey, Jr.*, Acting Director, *Brian M. Boynton*, Acting Assistant Attorney General, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, all of Washington, D.C., for the defendant.

## ORDER

**HOLTE**, **Judge**.

## I.  Introduction

*Pro se* plaintiff Angela DeBose seeks compensation for property allegedly taken by the government.  Pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"), the government moved to dismiss plaintiff's claims for lack of subject matter jurisdiction and for failure to state a claim.  Plaintiff, in response to the government's motion, submitted a motion for leave to amend her complaint a second time.  For the following reasons, the Court **DENIES** plaintiff's motion for leave to file a second amended complaint, **GRANTS** the government's motion to dismiss, and **DISMISSES** the complaint.

## II.  Factual and Procedural History

### A.  Factual History

Plaintiff is a former employee of the University of South Florida Board of Trustees ("USFBOT").  Am. Compl. at ¶ 1, ECF No. 15.  Plaintiff filed a lawsuit with the United States

District Court for the Middle District of Florida in December 2015 alleging race discrimination, gender discrimination, retaliation, breach of contract, tortious interference in her business relationship, and civil conspiracy to violate her rights. *See DeBose v. Univ. S. Fla.*, No. 8:15-cv-2787-T-17AEP, 2017 WL 4381696, at *1 (M.D. Fla. Sept. 29, 2017). The facts of the suit are as follows:

> DeBose worked as the University Registrar at the University of South Florida. Her position was renewed annually. In 2014, the University began receiving complaints from other employees that DeBose was difficult to collaborate with and unprofessional. On July 15, 2014, DeBose's supervisor, Paul Dosal, informed her that he had promoted another University employee, Billie Jo Hamilton, to an open Assistant Vice President role. Two weeks later, DeBose filed an internal complaint alleging discrimination, and a second complaint the following month. . . .

> During this same timeframe, the University was implementing a new software program from Ellucian, Degree Works, which helps students and faculty monitor progress toward graduation. As part of its implementation, an Ellucian consultant met with DeBose in April 2015 and issued a report criticizing the Registrar's implementation of the software, saying the office was uncollaborative and resistant to change. After receiving the Ellucian report, on May 19, 2015, University Provost Ralph Wilcox gave DeBose three months' notice that her employment would not be renewed in August 2015.

*DeBose v. USF Bd. of Trs.*, 811 F. App'x 547, 552 (11th Cir. 2020) (unpublished*), cert. denied sub nom. DeBose v. U. of S. Fla. Bd. of Trs.*, 209 L. Ed. 2d 550 (Apr. 19, 2021).

At summary judgment, the district court excluded 550 pages of evidence based on a failure to authenticate each page by affidavit, which plaintiff claims was no longer a requirement under the Federal Rules of Civil Procedure ("FRCP"). Am. Compl. at ¶¶ 21–22.[1] The district court then granted summary judgment for the University on all but four counts of race discrimination and retaliation.[2] *DeBose*, 2017 WL 4381696, at *11. Following summary judgment, plaintiff filed a motion for sanctions against the University "for concealing her employment contracts and misrepresenting that the documents did not exist." Am. Compl. at ¶ 26. The court denied plaintiff's motion. *Id.* at ¶ 15. Plaintiff also filed a motion for voluntary recusal of the district court judge "based on her fear of bias and that she would not receive a fair trial," which was also denied. *Id.* at ¶ 27.[3]

After a jury verdict for plaintiff on the race discrimination and retaliation claims, the court granted the University's renewed motion for judgment as a matter of law ("JMOL"), overturning the jury verdict. *Id.* at ¶ 29. The judge ordered mediation, which plaintiff alleges

---

[1] On appeal, the Eleventh Circuit found the exclusion to be harmless error. *DeBose*, 811 F. App'x at 553 n.1.

[2] Plaintiff states the two claims that proceeded to trial were "disparate treatment discrimination and retaliation." Am. Compl. at ¶ 25.

[3] Plaintiff later filed a writ of mandamus to the Eleventh Circuit for disqualification of the district court judge, which the Eleventh Circuit denied. *Id.* at ¶¶ 26–27.

"reached an impasse, tainted by an *ex parte* communication opposing counsel had with the mediator-magistrate in an 8-page letter." *Id.*

During mediation, plaintiff alleges her counsel "served a proposal for settlement on USFBOT." *Id.* at ¶ 160.  Plaintiff claims "an enforceable agreement known to the District Court exists," Am. Compl. at ¶ 165, but "though submitted to the District Court, it does not display in the docket." *Id.* at ¶ 163.

Following mediation, the district court denied plaintiff's motion for a new trial. *Id.* at ¶ 30.  Plaintiff appealed to the Eleventh Circuit,[4] which issued a decision in April 2020 considering five challenges to the district court's orders:

> (1) granting in part and denying in part the University's motion for summary judgment and granting Ellucian's motion for summary judgment; (2) denying [plaintiff's] post-trial motion for attorney's fees and costs; (3) granting the University's post-trial motion for judgment as a matter of law and denying [plaintiff's] motion for sanctions; (4) denying [plaintiff's] motion for front pay; and (5) denying [plaintiff's] motion for a new trial.

*DeBose*, 811 F. App'x at 553.  The Eleventh Circuit affirmed each of these orders. *Id.* at 553, 559.  The motion for new trial, the appeals court stated, "was filed well outside the 28-day time frame provided for in Federal Rule of Civil Procedure 59(b)." *Id.* at 559.  Notably, the Eleventh Circuit identified the exclusion of evidence as harmless error, since the error "did not affect [plaintiff's] substantial rights, as a review of the documents shows that they would not have affected the outcome." *Id.* at 553 n.1.

On 12 May 2020, at the district court, plaintiff then filed "a Complaint and Independent Action for Relief from Judgment pursuant to Rule 60(d)."[5] Am. Compl. at ¶ 40; *see DeBose v. U. of S. Fla. Bd. of Trs.*, No. 8:15-CV-2787-T-33AEP, 2020 WL 3440651, at *1 (M.D. Fla. June 23, 2020), *reconsideration denied*, No. 8:15-CV-2787-T-33AEP, 2020 WL 3895371 (M.D. Fla. July 10, 2020), *aff'd sub nom. DeBose v. USF Bd. of Trs.*, 844 F. App'x 99 (11th Cir. 2021) (unpublished), *petition for cert. filed*, 89 U.S.L.W. 3383 (U.S. Apr. 20, 2021) (No. 20-1538). Plaintiff also filed a "Motion for Reassignment of a New Magistrate or Alternatively Recusal of Judge Anthony E. Porcelli" and a "Motion for Evidentiary Hearing with Witness Testimony." *DeBose*, 844 F. App'x at 101.  The court denied the 60(d) motion and the motion for evidentiary hearing and denied as moot the motion for recusal of the magistrate judge. *Id.* at 103.

---

[4] The appeals court consolidated two appeals from plaintiff:  the first (No. 18-14637) appealed the district court's summary judgment ruling, and the second (No. 19-10865) appealed the granted renewed motion for JMOL and denial of plaintiff's motion for a new trial.  Am. Compl. at ¶ 31.

[5] Before filing the Rule 60(d) motion, plaintiff filed a second case, an "Independent Action for Relief from Judgment to Remedy Fraud on the Court," where the district court described the "crux" of the case being the previous judgment "had been tainted by fraud." *DeBose v. Univ. S. Fla. Bd. Trs.*, 844 F. App'x 99, 101 (11th Cir. 2021), *petition for cert. filed*, 89 U.S.L.W. 3383 (U.S. Apr. 20, 2021) (No. 20-1538); *see also* Am. Compl. at ¶¶ 40–41.  The district court determined plaintiff was seeking relief under Rule 60(b) and "concluded that [plaintiff] could file a motion in [the first case] pursuant to Rule 60(b)." *DeBose*, 844 F. App'x at 101.  Plaintiff, however, instead filed a Rule 60(d) motion, since, according to plaintiff, "a Rule 60(b) motion would be untimely and the prior district court judge had since retired."  Am. Compl. at ¶ 40.

Plaintiff filed a second appeal, and on 21 January 2021, the Eleventh Circuit affirmed the district court's orders denying plaintiff's Independent Action for Relief from Judgment, motion under Rule 60(d), motion to recuse or reassign, and motion for sanctions.  *See* Am. Compl. at ¶ 42; *see also DeBose*, 844 F. App'x at 103.  The Eleventh Circuit then denied plaintiff's request for rehearing en banc on 2 Mar 2021.  *See* On Petition(s) for Rehearing and Petition(s) for Rehearing En Banc, *DeBose v. Univ. S. Fla. Bd. Trs.*, 844 F. App'x 99 (11th Cir. 2021) (No. 20-12732-DD).

### B.  Procedural History in this Court

Plaintiff filed her initial complaint in this Court on 19 October 2020.  *See* Compl., ECF No. 1.  Plaintiff charges the government with violations of the Fifth Amendment, Fourteenth Amendment, and the Federal Torts Claims Act ("FTCA") through an unjust taking of property rights in the form of:  (1) litigation costs; (2) attorney fees and costs; (3) employment contracts and accrued paid-time-off; (4) dismissed lawsuit claims; (5) jury award and judgment; (6) right to appeal; and (7) stipulated settlement proposal.  Am. Compl. at ¶¶ 44–189 (plaintiff's nine counts).

On 18 December 2020, the government filed a Motion to Dismiss under Rule 12(b)(1) for lack of jurisdiction.  *See* Def.'s Mot. to Dismiss, ECF No. 10.  Plaintiff filed her Opposition to Defendant's Motion to Dismiss and Motion for Extension of Time to File an Amended Complaint on 7 January 2021.  *See* Pl.'s Opp. to Def.'s Mot. to Dismiss and Mot. for Ext. of Time to File an Am. Compl., ECF No. 12.  This Court entered a Notice of Deficiency Order on 7 January 2021, as plaintiff's Opposition to Defendant's Motion to Dismiss and Motion for Extension of Time were not served, and there was no Certificate of Service Attached.  *See* Order, ECF No. 11.  The Court allowed plaintiff until 15 January 2021 to file a corrected document.  *Id.*

On 21 January 2021, the government filed a reply to plaintiff's opposition without opposing plaintiff's motion for extension of time.  *See* Def.'s Reply Br., ECF No. 13.  Plaintiff filed an amended complaint on 26 February 2021.  *See* Am. Compl.  Because plaintiff did not timely file the amended complaint within 21 days after being served the government's motion to dismiss pursuant to RCFC 12(b)(1), the Court treated plaintiff's motion for extension of time as a request to accept plaintiff's untimely amended complaint, which rendered the government's motion to dismiss moot.  *See* Order, ECF No. 14 (granting plaintiff leave to amend her complaint).

On 12 March 2021, the government filed a second motion to dismiss pursuant to both RCFC 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and failure to state a claim.  *See* Def.'s Mot. to Dismiss Am. Compl., ECF No. 16 ("Gov't's Mot.").  Plaintiff filed a response on 8 April 2021, which the Court treated as an opposition to the government's motion to dismiss and, in the alternative, a motion to amend the complaint, and entered the filing.  *See* Order, ECF No. 17; Pl.'s Resp. in Opp'n to Def.'s Mot. to Dismiss Am. Compl., ECF No. 18 ("Pl.'s Resp.").  The government submitted its reply on 22 April 2021.  *See* Def.'s Reply Br. in Supp. of Def.'s Mot. to Dismiss Pl.'s Am. Compl., and Opp. to Pl.'s Mot. for Leave to File 2d Am. Compl., ECF No. 19 ("Gov't's Reply").

Plaintiff included in her responsive brief a motion for leave to file a second amended complaint and attached a proposed amended complaint. Pl.'s Resp. 15; Ex. A ("Prop. 2d Am. Compl."). Counts I–IX are unchanged from the first amended complaint, but plaintiff added three new counts (counts X–XII) for breach of implied contract, breach of fiduciary duty, and quantum meruit in the second amended complaint. *Compare* Pl.'s Am. Compl., *with* Prop. 2d Am. Compl.

## III. Parties' Arguments

### A. The Government's Motion to Dismiss under 12(b)(1)

The government first argues plaintiff's claims are a collateral attack "entirely predicated on alleged errors committed by the district court and Eleventh Circuit." Gov't's Mot. at 7, ECF No. 16. Plaintiff responds by arguing her claims are not a collateral attack on district and appellate court decisions but are instead claims for "judicial takings." Pl.'s Resp. at 5, ECF No. 18 (citing *Stop the Beach Renourishment, Inc. v. Fla. Dep't of Env't Prot.*, 560 U.S. 702 (2010)). Plaintiff argues judicial takings "concern[] court decisions that reallocate property rights," and property rights in elements of her previous lawsuits were taken from her via judicial taking, thus placing this case within the jurisdiction of this Court. Pl.'s Resp. at 5, 7–8. Plaintiff asserts if a judgment in the Court of Federal Claims under the Tucker Act "will give the plaintiff essentially the [monetary] remedy [s]he seeks, then the CFC is the only proper forum." *Id.* at 8 (citing *Suburban Mortg. Assocs., Inc. v. U.S. Dep't of Hous. & Urb. Dev.*, 480 F.3d 1116 (Fed. Cir. 2007)).

The government responds "this Court cannot entertain a judicial takings claim that requires this Court to scrutinize the decisions of other Federal courts." Gov't's Reply at 2, ECF No. 19 (citing *Petro-Hunt L.L.C. v. United States*, 862 F.3d 1370, 1384–86 (Fed. Cir. 2017) ("[T]he Court's decision in *Stop the Beach* . . . is a plurality decision, and therefore not a binding judgment.")). Plaintiff responds by arguing her claims are "justiciable under the Tucker Act/Takings Clause and . . . [t]his Court is specifically authorized to examine the case under its own jurisprudence and to reach the merits." Pl.'s Resp. at 5.

Second, the government contends "[p]laintiffs are required to litigate a takings claim on the assumption the 'action was both authorized and lawful.'" Gov't's Reply at 4 (quoting *Rith Energy, Inc. v. United States*, 247 F.3d 1355, 1366 (Fed. Cir. 2001)). Accordingly, the government argues this Court lacks subject matter jurisdiction "because Ms. DeBose fails to concede the lawfulness of the Government's actions." *Id.*

Third, the government argues plaintiff "cannot demonstrate that [her] alleged interests are protected property under the Fifth Amendment." Gov't's Reply at 6. The government claims "[t]he only interest identified by Ms. DeBose that could arguably qualify as a protected property interest . . . is her employment contract." Gov't's Reply at 7 n.3. The government further argues "there is no legal support for the assertion that a Federal court 'takes' an employment contract by adjudicating an employment contract dispute between two parties." *Id.*

- 5 -

Fourth, the government contends statutes cited by plaintiff as the basis for her claims are not within this court's jurisdiction. Gov't Mot. at 9–10. The government argues the Court does not have jurisdiction over claims under the FTCA because it cannot hear tort claims. *Id.* at 9. The government also argues the Court does not have jurisdiction over claims under the FRCP because they are not money mandating. *Id.* The government states the Court does not have jurisdiction over state statutes. *Id.* at 10. The government asserts the Court does not have jurisdiction over Due Process Clause claims because they are not money mandating. *Id.* Lastly, the government argues the Court does not have jurisdiction over claims under the Civil Rights Act because they are reserved for the district courts. *Id.*

### B.  The Government's Motion to Dismiss under 12(b)(6) for Failure to State a Plausible Takings Claim

The government alleges plaintiff has not stated a "plausible takings claim," since plaintiff does not plead any facts establishing a taking for public use nor a protectable property interest. Gov't Mot. at 11. Plaintiff argues the government "again confuses the difference between statutory jurisdiction to adjudicate a case and discretion to issue a remedy." Pl.'s Resp. at 11. Plaintiff argues when the "ultimate recovery of money from the United States is the essence [of a claim] . . . then 'the Court of Federal Claims can provide an adequate remedy, and it therefore belongs in that court." *Id.* at 11–12 (quoting *Suburban Mortg. Assocs. v. U.S. Dep't of Hous. & Urban Dev.*, 480 F.3d 1116, 1118 (Fed. Cir. 2007)). Plaintiff argues when the payment of money "is a constitutionally recognized remedy," she is not precluded from raising due process claims in the Court of Federal Claims. *Id.* at 12.[6]

### C.  Plaintiff's Motion for Leave to File a Second Amended Complaint

Plaintiff argues she "is not required to anticipate [d]efendant's affirmative defenses and should be given an opportunity to file [her] Proposed Second Amended complaint." Pl.'s Resp. at 13. Plaintiff argues the government would not be substantially prejudiced by a second amended complaint because "[i]t was [d]efendant's own failure to plead the defense that has arguably prejudiced it and/or [p]laintiff, who anticipated that [d]efendant would actually Answer the Amended Complaint as ordered." *Id.* at 14–15. The amended complaint adds "claims for Breach of Implied Contract/Covenant of Good Faith and Fair Dealing, Breach of Trust, and Restitution," asserting the Supreme Court "has recognized the adequacy of a monetary judgment to remedy a meritorious claim of breach of trust by the government in its fiduciary responsibilities." *Id.* at 13–14, 14 n.1.

---

[6] Additionally, plaintiff argues the government's 12(b)(6) motion is untimely for not being raised in "its initial responsive pleading to [p]laintiff's Complaint." Pl.'s Resp. at 9. The government responds it filed its 12(b)(6) motion in response to plaintiff's amended complaint, and it is not prohibited from moving to dismiss under 12(b)(6) if it did not do so in response to plaintiff's original complaint. Gov't Reply at 8. Plaintiff filed her amended complaint on 26 February 2021. *See* Am. Compl. The government filed its motion to dismiss fourteen days later, on 12 March 2021. *See* Gov't Mot. The motion was filed within the fourteen-day statutory requirement of Rule 15(a)(3) and is therefore timely. *See* RCFC 15(a)(3) ("Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after the service of the amended pleading, whichever is later.").

The government responds that plaintiff's proposed second amended complaint is a repackaging of the same allegations under new legal theories. Gov't's Reply at 9. The government maintains each new count is still a collateral attack on the adjudication of other courts. *Id.* Further, the government claims plaintiff's argument regarding an implied-in-fact contract based on an adjudication in district court and the Eleventh Circuit is frivolous. *Id.* Even if there was an implied-in-fact contract, none of the elements are plead or met for such a contract to exist beyond speculation. *Id.* at 10. The government argues both quantum meruit and unjust enrichment claims are also outside the jurisdiction of this court, and no fiduciary or trust relationship existed with the courts based on plaintiff's "'repos[ing] her trust and confidence' in the courts and her 'trust and confidence [being] induced from her by the courts.'" *Id.* (quoting Prop. 2d Am. Compl. at ¶¶ 202–204). The government therefore argues the Court should deny plaintiff's motion to amend her complaint a second time as futile. Gov't's Reply at 8.

## IV. Applicable Law

### A. Standard of Review for a Motion to Dismiss Under RCFC 12(b)(1) and 12(b)(6)

Under RCFC 12(b)(1), plaintiffs "bear the burden of establishing the court's jurisdiction by a preponderance of the evidence." *Acevedo v. United States*, 824 F.3d 1365, 1368 (Fed. Cir. 2016) (citing *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011)). "In determining jurisdiction, a court must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration*, 659 F.3d at 1163. "Although a court is normally not permitted to weigh evidence and find facts in ruling on a motion to dismiss for lack of subject matter jurisdiction, it is allowed to do so where such a motion 'challenges the truth of jurisdictional facts alleged in the complaint.'" *Knight v. United States*, 65 F. App'x 286, 289 (Fed. Cir. 2003) (citing *Reynolds v. Army & Air Force Exch. Serv.,* 846 F.2d 746, 747 (Fed. Cir. 1988)). Further, "the standards appropriate at this stage of the proceedings . . . require that 'the court construe all factual disputes in favor of' [the nonmoving party]." *James v. J2 Cloud Servs., LLC*, 887 F.3d 1368, 1373 (Fed. Cir. 2018) (citation omitted).

Under RCFC 12(b)(6), a defendant may seek dismissal of an action for failure to allege enough facts to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When deciding a Rule 12(b)(6) motion to dismiss, the Court "must accept well-pleaded factual allegations as true and must draw all reasonable inferences in favor of the claimant." *Athey v. United States*, 908 F.3d 696, 705 (Fed. Cir. 2018) (quoting *Bell/Heery v. United States*, 739 F.3d 1324, 1330 (Fed. Cir. 2014)). Facial plausibility requires plaintiffs to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### B. Amending a Complaint

RCFC 15 permits a party to amend its pleadings once as a matter of course. RCFC 15(a)(1). Beyond this first amendment, "a party may amend its pleading only with the opposing party's written consent or the court's leave." RCFC 15(a)(2). When the Court's leave is required to amend a pleading, "[t]he court should freely give leave when justice so

requires." RCFC 15(a)(2). "It is settled that the grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971).

"Futility of the proposed amendment is an adequate reason to deny leave to amend." *Cultor Corp. v. A.E. Staley Mfg. Co.*, 224 F.3d 1328, 1333 (Fed. Cir. 2000). "A proposed amendment is futile if it would not survive a motion to dismiss." *Marchena v. United States*, 128 Fed. Cl. 326, 330 (2016), *aff'd*, 702 F. App'x 988 (Fed. Cir. 2017). "When a party faces the possibility of being denied leave to amend on the ground of futility, that party . . . must proffer sufficient facts supporting the amended pleading that the claim could survive a dispositive pretrial motion." *Kemin Foods, L.C. v. Pigmentos Vegetales Del Centro S.A. de C.V.*, 464 F.3d 1339, 1354–55 (Fed. Cir. 2006).

### C. *Pro Se* Litigants

*Pro se* litigants are granted greater leeway than parties represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding that *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers"). Despite such leeway, this Court has long recognized "the leniency afforded to a *pro se* litigant with respect to mere formalities does not relieve the burden to meet jurisdictional requirements." *Minehan v. United States*, 75 Fed. Cl. 249, 253 (2007). The *pro se* plaintiff—like any other plaintiff—must bear "the burden of establishing the Court's jurisdiction by a preponderance of the evidence." *Riles v. United States*, 93 Fed. Cl. 163, 165 (2010) (citing *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002)). If a petitioner acts *pro se* in drafting her pleadings, that "may explain its ambiguities, but it does not excuse its failures, if such there be." *Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995).

## V. Analysis

Plaintiff alleges nine counts (Counts I–IX) of takings with respect to her litigation costs, attorney fees and costs, employment contracts, accrued paid time off, dismissed lawsuit claims, jury award, right to appeal, stipulated settlement proposal, and a taking under the FTCA. *See* Am. Compl. Since each of these counts relate to an alleged taking by judicial action of another court, all counts are analyzed together below.

### A. The Government's 12(b)(1) Motion to Dismiss for Lack of Jurisdiction

The government argues plaintiff's claims are collateral attacks, tort claims, and due process claims, so the Court lacks jurisdiction. Gov't's Mot. at 7. Plaintiff contends her claims are not collateral attacks but are judicial takings claims. Pl.'s Resp. at 7.

"A 'collateral attack' is '[a]n attack on a judgment in a proceeding *other than a direct appeal*.'" *Wall v. Kholi*, 562 U.S. 545, 552 (2011) (citing *Black's Law Dictionary* 298 (9th ed. 2009)) (emphasis in original). Although this Court generally has jurisdiction over takings claims, this Court is without authority to entertain takings claims that amount to collateral attacks. *Petro-Hunt, L.L.C. v. United States*, 862 F.3d 1370, 1385 (Fed. Cir. 2017). "Article III

forbids the Court of Federal Claims, an Article I tribunal, from reviewing the actions of an Article III court." *Boise Cascade Corp. v. United States*, 296 F.3d 1339, 1344 (Fed. Cir. 2002). "Binding precedent establishes that the Court of Federal Claims has no jurisdiction to review the merits of a decision rendered by a federal district court." *Shinnecock Indian Nation v. United States*, 782 F.3d 1345, 1352 (Fed. Cir. 2015).

To determine whether there was a judicial taking in each of plaintiff's claims would require analysis of whether the district court and Eleventh Circuit were correct in their actions in, for example, "order[ing] the payment of the litigation costs to Ms. DeBose," or "den[ying] attorney fees to Ms. DeBose." Am. Compl. at ¶¶ 52, 63. Adjudicating plaintiff's judicial takings claims would require "scrutiniz[ing] the actions of another tribunal," which this Court does not have jurisdiction to do. *Innovair Aviation Ltd. v. United States*, 632 F.3d 1336, 1342 (Fed. Cir. 2011).[7]

Additionally, plaintiff charges the district court with "ma[king] improper, illegal and perverted use of the legal procedure . . . that was neither warranted, nor authorized and had an ulterior motive in misusing or misapplying legal procedure." Am. Compl. at ¶ 3. Plaintiff charges the Eleventh Circuit panel with "willfully violat[ing] federal law to unjustly deprive [p]laintiff of her right to an appeal, equal protection, and due process under the law." Am. Compl. at ¶ 4. When a plaintiff characterizes another court's decision as incorrect, this is further reason to interpret the claim as a collateral attack. *Petro-Hunt*, 862 F.3d at 1385 ("While [plaintiff] contends that it has accepted the result of the Quiet Title Action and therefore the Court of Federal Claims need not review the merits of the Fifth Circuit's decision, its briefings at the Court of Federal Claims and to this court show that [plaintiff] is actually challenging the result."). Determining whether the district and appellate courts' procedures were "warranted," "authorized," or "unjust" in this instance necessitates a finding on the merits, which the Court is unable to provide. *See Shinnecock*, 782 F.3d at 1352.

Plaintiff also alleges unjust takings in violation of the FTCA. Am. Compl. at ¶¶ 185–86 (count IX). Put simply, the Court lacks jurisdiction over tort claims. *See Shearin v. United States*, 992 F.2d 1195, 1197 (Fed. Cir. 1993); 28 U.S.C. § 1491(a) (2018). This is true regardless of whether plaintiff's claims are "pecuniary in nature," as plaintiff asserts. Pl.'s Resp. at 8. Thus, the Court lacks jurisdiction to hear plaintiff's claims under the FTCA.

Finally, plaintiff claims unjust takings in violation of the Due Process Clause. *See* Am. Compl. at ¶¶ 98, 113, 129. "The law is well settled that the Due Process clauses of both the Fifth and Fourteenth Amendments do not mandate the payment of money and thus do not provide a

---

[7] The Federal Circuit has dismissed cases alleging takings claims without addressing the viability of such a claim. *See Petro-Hunt*, 862 F.3d at 1386 ("The court in *Shinnecock* did not address the general viability of a judicial takings claim, and this court need not do so here, either."); *see also Shinnecock*, 782 F.3d at 1352 ("Adjudication of the Nation's proposed judicial takings claim would require the Court of Federal Claims to scrutinize the merits of the district court's judgment, a task it is without authority to undertake."). The government alleges the Court has no jurisdiction over "a judicial takings claim requiring the Court to scrutinize the decisions of Article III courts." Gov't's Reply at 3. Each of plaintiff's claims here are procedural contentions that require scrutinizing the decisions of another court. *See supra* Section V.A. As determined in *Petro-Hunt* and *Shinnecock*, the Court lacks subject matter jurisdiction here and does not need to address the viability of plaintiff's takings claims.

cause of action under the Tucker Act." *Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013). Plaintiff's due process claims consequently fall outside this Court's jurisdiction. *Id.*

### B. The Government's 12(b)(6) Motion for Plaintiff's Failure to State a Claim

As an alternative to dismissing plaintiff's claims for lack of subject matter jurisdiction, the government additionally asserts plaintiff has failed to state a claim for relief. Gov't's Mot. at 11–12. The government argues plaintiff's allegations do not meet the requirements for plausible takings claims. *Id.* Plaintiff's response relies primarily on the ability of the Court to issue a monetary remedy and the government's motion being untimely. Pl.'s Resp. at 11–12. Plaintiff maintains *Stop the Beach Renourishment, Inc. v. Fla. Department of Environmental Protection*, 560 U.S. 702 (2010), supports her claim for a judicial taking, Pl.'s Resp. at 4–5, and appears to argue statutory jurisdiction is irrelevant "when '[a]t bottom it is a suit for money,' then 'the Court of Federal Claims can provide an adequate remedy, and it therefore belongs in that court.[']" *Id.* at 11–12 (quoting *Suburban Mortg.*, 480 F.3d at 1118). The government asserts the plurality opinion in *Stop the Beach* is not binding on this Court. Gov't's Reply at 3 (citing *Petro-Hunt*, 862 F.3d at 1386 n.6 ("[T]he Court's decision . . . that a cause of action for a judicial taking exists is a plurality decision, and therefore not binding judgment.")). The government further argues *Stop the Beach* does not address whether this Court may scrutinize the actions of Article III courts in assessing plaintiff's judicial takings claims. *Id.* As recently determined by the Federal Circuit, "even accepting that the prohibition against taking property without just compensation applies to courts in the same manner that it does to other governmental entities, there is no force to [plaintiff's] argument that a party can characterize an adverse judicial decision in a tort case as a taking." *Straw v. United States*, 4 F.4th 1358, 1362 (Fed. Cir. 2021). The court in *Straw* illustrated:

> At bottom, [plaintiff's] takings theory is based on the assertion that when a court errs in denying a plaintiff relief in a tort case, it effectively "takes" his cause of action and his entitlement to relief. Under that logic, all cases sounding in tort in which a plaintiff is denied relief could be recast as Takings Clause claims and re-presented to the Claims Court, notwithstanding the prohibition in the Tucker Act against the Claims Court exercising jurisdiction over tort claims. Not surprisingly, [plaintiff] cites no authority in support of that theory of recovery.

*Id.* "[N]othing in [*Stop the Beach*] supports the proposition that a court 'takes' a party's cause of action . . . when it denies the claim on the merits." *Id.* at 1362 n.3. In addition to lacking subject matter jurisdiction, plaintiff further fails to state a claim for relief. *Id.*

### C. Plaintiff's Motion to Amend the Complaint a Second Time

Plaintiff requests leave to amend her complaint a second time. For the purposes of resolving plaintiff's motion, all allegations are assumed to be true and amendments are assessed for their futility. *See Marchena*, 128 Fed. Cl. at 330 ("A proposed amendment is futile if it would not survive a motion to dismiss."); *Estes Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014) ("In deciding a motion to dismiss for lack of subject matter jurisdiction, the

court . . . construes [uncontroverted factual allegations] in the light most favorable to the plaintiff.").

In this instance, Counts I–IX of plaintiff's proposed second amended complaint are identical to those in the first amended complaint. *Compare* Pl.'s Am. Compl., *with* Prop. 2d Am. Compl. Plaintiff in her second amended complaint does not allege new facts, rather, plaintiff adds three new counts for: breach of contract and implied duty of good faith and fair dealing (Count X); breach of trust and fiduciary duty (Count XI); and quantum meruit and unjust enrichment (Count XII). *See* Prop. 2d Am. Compl. Each of the new counts are set out and analyzed below.

### 1. Plaintiff's Breach of Implied Contract and Implied Duty of Good Faith and Fair Dealing Claim

Plaintiff alleges the district court and appeals court breached "the terms of their Contract by and between the courts and Angela DeBose." Prop. 2d Am. Compl. at ¶ 192. This is based on alleged misleading statements in the district and appellate courts' judicial opinions, willful misapplication of the law, wrongful failure to pay claims, and "us[e] of manipulative devices to render favorable decision to USFBOT in order to take judgments, damages awards, and payments due to Plaintiff, while inducing Plaintiff's trust." *Id.* Any determination of misleading statements, misapplication of law, wrongfulness of failure to grant an award, or rendering of a decision would necessarily require this Court to scrutinize the decisions of the district and appellate courts, and such analysis is outside the jurisdiction of this Court. *See Innovair*, 632 F.3d at 1344. Amendment of the complaint for the addition of a breach of contract claim is futile.

### 2. Plaintiff's Breach of Trust and Fiduciary Duty Claim

Plaintiff claims a fiduciary relationship existed between her and the district court and the appellate court, since she "reposed her trust and confidence" in the courts. Prop. 2d Am. Compl. at ¶ 202. Plaintiff further alleges the courts "breached their fiduciary duties by failing to deal with the parties in the utmost of good faith and solely for the parties [sic] benefit in a fair and impartial manner." *Id.* at ¶ 205. Such a claim is outside the jurisdiction of this Court, as determining whether a courts' actions were in good faith and solely for the parties' benefit would necessarily require scrutinizing the merits of the case. *See Innovair*, 632 F.3d at 1344. Amendment of the complaint for the addition of a breach of fiduciary duty claim is futile.

### 3. Plaintiff's Quantum Meruit and Unjust Enrichment Claim

Plaintiff alleges the government has "unjustly enriched USFBOT as a result of their joint unlawful acts, decisions and practices," and notes the following actions by the government:

[T]ainting the settlement process through ex parte communications with USFBOT, unlawfully allocating Ms. DeBose's attorney fees and costs to USFBOT, allocating Ms. DeBose's unpaid employment contracts and unpaid leave to USFBOT, abusing their discretion through bias and other extrajudicial conduct among the Defendants

- 11 -

to allocate the value of Ms. DeBose's dismissed claims to USFBOT, rescinding the promise of front pay to benefit USFBOT, and in bad faith unlawfully allocating Ms. DeBose's judgment and awarded damages to USFBOT.

Prop. 2d Am. Compl. at ¶¶ 217, 220.  Any adjudication of tainting of the settlement process, improper allocation of an employment contract or unpaid leave, abuse of discretion, rescinding of promises of front pay, or allocation of judgment and awards would necessarily require scrutinizing decisions of the district and appellate courts, which is outside the jurisdiction of this Court.  *See Innovair*, 632 F.3d at 1344.  Further, many of these issues could have been (and were) appealed in the original action, and the proper forum for such review is on appeal.  *See Campbell v. United States*, 932 F.3d 1331, 1340 (Fed. Cir. 2019) ("The proper forum for such a challenge is the judicial appellate process.").  Amendment of the complaint for the addition of a quantum meruit claim is futile.

## VI.  Conclusion

The Court has considered all of plaintiff's arguments.  To the extent not discussed specifically herein, plaintiff's other claims are unpersuasive, meritless, or unnecessary for resolving the issues currently before the Court.  Plaintiff has failed to establish subject matter jurisdiction.  Since her Proposed Amended Complaint would have the same jurisdictional defects, amendment would be futile.  The Court hereby:  (1) **DENIES** plaintiff's motion to amend her complaint a second time and (2) **GRANTS** the government's motion to dismiss.  The Clerk is directed to **DISMISS** the case.

**IT IS SO ORDERED**

s/ Ryan T. Holte
RYAN T. HOLTE
Judge

- 12 -